IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JON PIKE, in his official capacity as Commissioner of the Utah Insurance Department and DEREK BROWN, in his official capacity as Attorney General of Utah<br><br>Defendants. | ORDER SETTING FORTH PROCEDURES REGARDING MOTION FOR PRELIMINARY INJUNCTION<br><br>Case No. 2:25CV00308 DAK<br><br>Judge Dale A. Kimball |

On April 28, 2025, Plaintiff Pharmaceutical Research and Manufactures of America (PhRMA) filed a Motion for Preliminary Injunction.[1] Shortly thereafter, it filed an Amended Motion for Preliminary Injunction.[2] To facilitate a prompt resolution of the motion, the court provides the following information regarding its procedures for such motions.

A. Motion to Expedite

The briefing deadlines for a motion filed under Rule 65 of the Federal Rules of Civil Procedure are set forth in DUCivR 7-1(a)(4)(C). If PhRMA seeks expedited briefing and an expedited hearing on their motion, it must file a Motion to Expedite by **5:00 p.m. on May 1, 2025.**

In the Motion to Expedite, PhRMA must state the reasons why the standard briefing deadlines provided in DUCivR 7-1(a)(4)(C) should be shortened, and, if applicable, identify any date by which the

---

[1] ECF No. 16.
[2] ECF No. 17.

motion must be decided and why. The motion must also contain: (1) a proposed expedited briefing schedule; (2) a statement as to the type of hearing requested (e.g., evidentiary hearing or oral argument); and (3) an estimate of the amount of time necessary for the hearing. Because PhRMA has not yet filed proof that service of process has been effectuated, Plaintiff must also provide evidence that Defendants have been served.

If Defendants oppose expediting the motion, they should send a short email to all counsel and to chambers by **3:00 p.m. on May 2, 2025**.[3] The email need only state that the motion will be opposed. The opposition memorandum must then be filed by **12:00 noon on May 5, 2025**. The court will rule on the Motion to Expedite, if filed, by **5:00 p.m. on May 5, 2025**. If Defendants do not send a timely email indicating that it will oppose the motion, the court may rule on the Motion to Expedite prior to May 5, 2025.

**B. Non-Expedited Motion for Preliminary Injunction**

If PhRMA does not seek to expedite the motion, briefing will proceed pursuant to DUCivR 7-1(a)(4)(C). The time to respond, however, will not begin to run until Defendants have been served. The court will set a hearing for a date after the reply memorandum deadline.

For scheduling purposes, PhRMA must send an email to opposing counsel and Judge Kimball's chambers as soon as possible, stating: (1) whether it seeks an evidentiary hearing or only oral argument; (2) the number of witnesses it intends to call (either for direct examination or for cross-examination if the direct testimony is submitted by declaration, as discussed below); and (3) the length of time it believes is necessary for the hearing.

Defendants must then respond to PhRMA's email within two business days, stating (1) the number of witnesses they intend it to call (either for direct examination or for cross-examination if the

---

[3] Judge Kimball's chambers email address is utdecf_kimball@utd.uscourts.gov.

direct testimony is submitted by declaration, as discussed below); and (2) the length of time they believe is necessary for the hearing.

**D. Witness Testimony**

Generally, the most efficient procedure with regard to witness testimony in support of a Motion for Preliminary Injunction is to submit direct witness testimony in the form of a declaration that is attached to the briefing of the motion. If the opposing party seeks to cross-examine that witness, the witness should be present and available to testify at the hearing.  The court understands, however, that each motion for preliminary injunction is unique, and the parties should communicate with each other and with the court regarding the most efficient approach for providing witness testimony in their given case.

**E.  Proposed Orders**

PhRMA is directed to file a proposed Preliminary Injunction Order that complies with Rule 65(d) of the Federal Rules of Civil Procedure, stating the reasons for issuance of the order, its specific terms, a description of the act or acts restrained or required, and the persons bound by the order. PhRMA should file the proposed order no later than the day before the hearing on the motion. In addition to filing the proposed order, PhRMA should also email the proposed order in Word format to all counsel and to Judge Kimball's chambers.

**F.  Other Related Cases**

It appears that this case is related to two other cases: *AbbVie et al. v. Brown et al.* (2:25CV271-DBB) and *Novartis Pharmaceuticals v. Brown et al.* (2:25cv284-RJS).  If the criteria set forth in the local rules of practice are satisfied and either party seeks to have the three cases decided by the same judge, the party may file a motion requesting reassignment under DUCivR DUCivR 83-2(e) or consolidation

under DUCivR 42-1.

DATED this 30th day of April 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge